**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **SASWOT DHAKAL**, | |
| Plaintiff, | |
| v. | Case No. 1:24-cv-2525 (TNM) |
| **FEDERAL BUREAU OF INVESTIGATION**, *et al.*, | |
| Defendants. | |

**MEMORANDUM ORDER**

The Court recently warned Plaintiff Saswot Dhakal that it was considering entering a pre-filing injunction against him. *See* Show-Cause Order, ECF No. 32. The Court ordered Dhakal to show cause why it should not impose such an injunction. *Id.* at 2. That deadline has passed, and Dhakal has made no response. Nor did he appear for the Court's subsequent hearing. *See* Min. Entry 3/19/2026. Having considered Dhakal's several previous related cases, his conduct in this case, and his dual failure to show cause, the Court finds that a pre-filing injunction is necessary to "protect the integrity of the courts and the orderly and expeditious administration of justice." *See Urban v. United Nations*, 768 F.2d 1497, 1500 (D.C. Cir. 1985).

**I.**

Courts must "protect and preserve the sound and orderly administration of justice." *Id.* (cleaned up). To do so, courts must sometimes enjoin litigants who abuse the judicial process. *See In re Powell*, 851 F.2d 427, 430 (D.C. Cir. 1988). Vexatious litigants are one such category of abusers. *See Bishay v. Harris*, 668 F. Supp. 3d 9, 11 (D.D.C. 2023), *aff'd*, No. 23-5019, 2023 WL 6784306 (D.C. Cir. Oct. 6, 2023). Pre-

1

filing injunctions are "extreme remed[ies], and should be used only in exigent circumstances." *In re Powell*, 851 F.2d at 431 (cleaned up). Before issuing such an injunction, courts must provide "notice and an opportunity to be heard." *Id.* And courts must "make substantive findings as to the frivolous or harassing nature of the litigant's actions." *Id.* Finally, courts should note "any pattern constituting harassment." *Id.* All these prerequisites are met here.

## II.

As the Court explained in its Show-Cause Order, Dhakal "has made a habit of bringing vexatious and abusive lawsuits." Show-Cause Order at 1. Dhakal's past lawsuits, his conduct in this action, and his non-response to the Court's Show-Cause Order confirm as much.

Dhakal's present lawsuit is the fourth of its kind. *See* Compl., ECF No.1, *Dhakal v. United States*, No. 24-cv-2056 (TNM) (D.D.C. July 16, 2024); Compl., ECF No.1, *Dhakal v. United States*, No. 25-cv-1594 (TNM) (D.D.C. Apr. 26, 2025); Petition, ECF No.1, *Dhakal v. FBI*, 25-cv-1345 (UNA) (D.D.C. Apr. 29, 2025). Dhakal asserts that he is the "victim of severe and unlawful actions by the FBI, ranging from torture to financial sabotage," as well as "repeated attacks on [his] due process rights and relentless attempts to sabotage [his] pursuit of justice." Compl., ECF No. 1, ¶¶ 3–4, *Dhakal*, No. 24-cv-2525. He claims that he is entitled to "$501,000,000,000 to reflect the profound harm inflicted upon [him]." Compl., ECF No. 1, at 5, *Dhakal*, No. 24-cv-2056.

Dhakal's claims have all fallen flat. In dismissing one of his previous suits, this Court found that Dhakal's allegations rose "to the level of the irrational or the wholly incredible." Mem. Op., ECF No. 25, at 2, *Dhakal*, No. 24-cv-2056. Another judge in

this district drew a similar conclusion.  *See* Mem. Op., ECF No. 4, at 2, *Dhakal*, No. 25-cv-1345 ("The instant petition fails to identify a plausible basis for granting mandamus relief, and instead alleges a pattern of government-directed harassment rising to the level of the irrational or the wholly incredible." (cleaned up)); *see also* Min. Order 10/20/2025, *Dhakal*, No. 25-cv-1594 (dismissing case and denying Dhakal's "Demand for Monetary Compensation").  This volume of overlapping meritless suits alone is concerning.  *See, e.g.*, *Davis v. United States*, 569 F. Supp. 2d 91, 93, 99 (D.D.C. 2008) (imposing pre-filing injunction against plaintiffs upon their filing of a "fourth essentially identical suit").

But it is his conduct in the present case that really takes the cake.  On September 3, 2025, he filed his Opposition to the Federal Bureau of Investigation's Motion for Summary Judgment.  *See* Pl.'s Opp'n, ECF No. 30.  As the Court explained in the Show-Cause Order, that filing "contained highly abusive language targeted at this Court."  Show-Cause Order at 1; *see* Pl.'s Opp'n at 1.  The Court will not repeat Dhakal's vulgarity here; "[s]uch language is completely unacceptable in a court of law."  Show-Cause Order at 1.  This type of conduct cannot go unaddressed.

The Court gave Dhakal not one but two chances to explain himself or remedy the situation.  *See id.* at 2.  Suddenly Dhakal went quiet.  He failed to file a response to the Court's Show-Cause Order.  And he did not appear for the Court's subsequent hearing.  *See* Min. Entry 3/19/2026.

Dhakal's repeated abuse of this Court's judicial process must now come to an end.[1]  Considering Dhakal's past lawsuits, his conduct in the present one, and his failure

---

[1]  The Court limits its pre-filing injunction to this jurisdiction.  *See Klayman v. Porter*, 104 F.4th 298, 310 (D.C. Cir. 2024) ("Absent an exceptionally egregious abuse of the

to show cause, the Court deems this one of the rare cases where a pre-filing injunction is necessary to "protect the integrity of the courts and the orderly and expeditious administration of justice." *See Urban*, 768 F.2d at 1500; *In re Powell*, 851 F.2d at 430.

**III.**

For these reasons, it is hereby

**ORDERED** that the Show-Cause Order, ECF No. 32, is **DISCHARGED**; and it is further

**ORDERED** that Saswot Dhakal is hereby enjoined from filing any civil action in this Court without first obtaining leave of the Court.  In seeking leave to file, Dhakal must certify that the claim or claims he wishes to present are new claims never before raised and disposed of on the merits or on jurisdictional grounds by any federal court.  He must also certify that the claim or claims are not frivolous or levied in bad faith. Additionally, the motion for leave to file must be captioned "Application Pursuant to Court Order Seeking Leave to File."  Dhakal must either cite or affix a copy of today's Order to that motion.  Failure to comply strictly with the terms of this injunction will be sufficient grounds for denying leave to file.

**SO ORDERED.**

Dated: March 20, 2026                                     TREVOR N. McFADDEN, U.S.D.J.

---

judicial process, courts should leave it to other jurisdictions to decide for themselves how best to address improper litigation before them.").

4